FILED
 2007 Jun-27  PM 01:09
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

|  |  |
|---|---|
| **ALONZO LYDELL BURGESS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| **vs.** ) | Civil action Number |
| ) | **3:7-cv-0474-UWC-JEO** |
| **RICHARD ALLEN, Commissioner** ) | |
| **of Alabama Department of Corrections,** ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION
# DENYING MOTION TO RECUSE

Petitioner filed this habeas action under 28 U.S.C. § 2254 on March 14, 2007. He is presently incarcerated and sentenced to death at Holman Prison. In 1994, he was tried, convicted, and sentenced to death on two counts of capital murder. Then, Circuit Judge Inge Johnson presided over his trial. She sentenced the Petitioner to death following the jury's recommendation of life imprisonment without parole. Four years after Petitioner's conviction and death sentence, Judge Johnson was appointed to this court.[1]

---

[1] There are eight active and four senior judges of this Court.

In the instant action, Petitioner contests the validity of his trial and sentence. Contemporaneous with the filing of the present action, Petitioner moved to disqualify of all the judges on this court on the grounds that in view of his claims of trial court error, "any judge of this Court assigned to this matter would be required to make findings concerning his or her colleague (Judge Johnson)'s prior adjudication and conduct as a judge, including review of the judicial override of the jury's life verdict." (Doc. 2, Mot. to Recuse at 2.) He concludes that "[a] person aware of these facts and of the requirement that district judges maintain working relationships with their colleagues might reasonably entertain a doubt that any judge in the Northern District would be able to remain impartial." (*Id*. at 2-3.)

## Discussion

Petitioner cites three cases in support of his position. *Liteky v. United States,* 510 U.S. 540, 548 (1994), is cited for the unremarkable general proposition that "what matters is not the reality of bias or prejudice but its appearance." *Wheeler v. McDonough*, 2006 WL 3724161, 210 Fed. App'x. 998 (11th Cir. 2006), is an unpublished opinion[2] in which our circuit joined other circuits in holding that where the district judge assigned to a federal case was one of the judges who sat on the case

---

[2] Under Eleventh Circuit rules, an unpublished opinion is not considered binding precedent, but it may be cited as persuasive authority. 11th Cir. Rule 36-2.

as a state judge, disqualification is required.³  In *United States v. Gordon,* 354 F. Supp.2d 524 (D. Del. 2005), a district judge disqualified himself in a case where the defendant planned to subpoena another judge on the court over ceratin business and personal interactions between the other judge and the defendant, allegedly involving political corruption.  The disqualifying judge noted that if he remained on the case he would be called upon to determine how far to permit defendants to develop evidence relating to the other judge and how much of that evidence could be presented at trial. *Id*. at 528.  Given these circumstances, the disqualifying judge found that recusal was necessary.  Indeed, after noting that the other judges on the court had recused themselves, the disqualifying judge asked that the case be reassigned to a judge from outside the district.  *Id*. at 530

*Wheeler* and *Gordon* are quite inapposite to the instant case.  While Judge Johnson would probably be disqualified to hear the instant case,⁴ it does not follow

---

³ In reaching its holding, our circuit expressly relied on *Clemmons v. Wolfe,* 377 F.3d 322 (3d Cir. 2004); *Russell v. Lane,* 890 F.2d 947 (7th Cir.1989); and *Rice v. McKenzie,* 581 F.2d 1114 (4th Cir. 1978).

⁴  The observations of Judge Posner in *Russell* are noteworthy:

> [The case may be viewed] as one in which the losing litigant appeals from a ruling by Judge X to an appellate panel that includes Judge X; and it is considered improper– indeed is an express ground for recusal, see 28 U.S.C. § 47 – in modern American law for a judge to sit on the appeal from his own case.

890 F.2d at 948.

that the other judges of the Court are similarly disqualified. Unlike *Gordon,* the instant case does not implicate the credibility and/or personal and professional reputation of Judge Johnson. Rather, the instant case challenges her "acting in [her] judicial role, which is virtually never a valid basis for recusal." *Id.* 354 F. Supp. 2d at 529 (citing *Liteky*, 510 U.S. at 555). Thus, no reasonable person knowing all the facts would harbor doubts concerning the impartiality of another judge of this Court.

Indeed, in the three cases relied on by our circuit's *Wheeler* decision, another judge on the same court was assigned the case when the original judge was disqualified. The possibility of importing a judge from outside the affected district to hear the case was apparently never even considered.

Of course, each judge has an independent, self-enforcing obligation to determine whether a reasonable person, knowing all the facts, would harbor doubts concerning his impartiality. This judge has done so, and reached the conclusion that there is no reason why a reasonable person would doubt his impartiality in this case.

By separate order, the Motion to Recuse will be denied.

Done this 27th day of June, 2007.

                                                            _____
                                                               U.W. Clemon
                                                          United States District Judge