UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| ALONZO LYDELL BURGESS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 3:07-CV-0474-SLB-JEO |
| ) | |
| RICHARD ALLEN, Commissioner of ) | |
| the Alabama Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is currently before the court on petitioner's Rule 59(e) Motion to Alter or Amend Judgment. (Doc. 32.)[1] In the Motion to Alter or Amend Judgment, petitioner "moves this [c]ourt to alter or amend the March 31, 2011 judgment in this case denying his habeas corpus petition." (*Id.* at 1.) Petitioner contends that the "judgment was based on numerous manifest errors of law affecting Mr. Burgess' substantial rights . . . ." (*Id.*) For the reasons set forth below, the court is of the opinion that petitioner's Rule 59(e) Motion to Alter or Amend Judgment, (doc. 32), is due to be denied.

## STANDARD OF REVIEW

Rule 59(e) states only that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Case law has

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

established that "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.2007)(quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id*. (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). "When ruling on Rule 59(e) motions, the district court is not required to state findings or conclusions." *Richards v. Dickens*, 411 Fed. Appx. 276, 279 (11th Cir. 2011)(citing Fed. R. Civ. P. 52(a)(3); Fed. R. Civ. P. 59(e))(unpublished).

## DISCUSSION

In his Motion to Alter or Amend Judgment, (doc. 32), and Memorandum of Law in Support of His Rule 59(e) Motion to Alter or Amend Judgment, (doc. 32-1), petitioner raises three arguments: (1) "This court erred in how it resolved Mr. Burgess'[s] claim related to *Atkins v. Virginia*[,] [536 U.S. 304 (2002)]" (doc. 32-1 at 2); (2) the court "failed to resolve the constitutionality of 28 U.S.C. § 2254(d)(1)[,] merely citing to *Harrington v. Richter* [131 S. Ct. 770 (2011)] is insufficient because the *Harrington* Court did not have that issue before it[,]" (*id.* at 16); and (3) "[t]his Court's presumption that Mr. Burgess could never prove prejudice from ineffective assistance of counsel in the penalty phase because his jury recommended life without parole is based on Eleventh Circuit caselaw arising from Florida's death penalty system – a system vastly different from Alabama's system[,]" (*id.* at 26).

2

A.   **PETITIONER'S CLAIM RELATED TO *ATKINS V. VIRGINIA***

Petitioner contends that "[i]n holding that the Alabama Court of Criminal Appeals determination that Mr. Burgess is not entitled to relief under *Atkins v. Virginia* . . . was reasonable, this Court erred in failing to consider the affidavit of Dr. Hudson, in failing to properly consider the facts presented to the state courts, and in failing to conduct an evidentiary hearing on this claim." (Doc. 32-1 at 2.)  The court disagrees.  These issues were thoroughly considered and correctly rejected in the Memorandum Opinion denying petitioner's Amended Petition for Writ of Habeas Corpus by Prisoner in State Custody under Death Sentence, (doc. 15).  (*See* doc. 30 at 81-90.)  Petitioner's contentions related to *Atkins v. Virginia* do not merit reconsideration.

B.   **THE CONSTITUTIONALITY OF 28 U.S.C. § 2254(d)(1)**

Petitioner contends that "[§] 2254(d)(1) violates Article III of the Constitution because it invades the judicial power . . . [and] also violates Article VI of the Constitution" because "it dictates what caselaw a federal court may use to decide a case and allows state courts to be the final arbiter of federal constitutional law even when the state court decision is incorrect."[2]  (Doc. 32-1 at 23-24.)  The court disagrees.

---

[2] Article III states, "The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish."  U.S. Const. art. III, § 1.  Article VI states, "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const. art. VI, cl. 2.

In the Memorandum Opinion denying petitioner's Amended Petition for Writ of Habeas Corpus by Prisoner in State Custody under Death Sentence, this court stated:

> Burgess argues that "§ 2254(d)(1) is unconstitutional because it improperly infringes on the judicial power granted by Articles III and VI of the United States Constitution and because it operates, to some extent, as a suspension of the writ of habeas corpus in violation of Article I, § 9 of the United States Constitution." (Doc. 29 at 2.) Contrary to Burgess's contention, § 2254(d)(1) does not "strip[] jurisdiction from federal courts" to be the "final arbiter of what the Constitution means" in favor of state court decisions that hold a petitioner "in custody in violation of the United States Constitution." (*Id*. at 2-3.)

(Doc. 30 at 23-24.)

The court is satisfied that the above statement resolved petitioner's claim that § 2254(d)(1) is unconstitutional, regardless of the fact that the statement was followed by a passage from *Harrington v. Richter*, 131 S. Ct. 770 (2011). (*See* doc. 30 at 24). To be clear, however, the court finds that § 2254(d)(1), as written and as applied, does not violate Article III or Article VI of the Constitution. Although there does not appear to be any Eleventh Circuit precedent squarely addressing an Article III or Article VI challenge to the constitutionality of § 2254(d)(1),[3] similar constitutional challenges have been rejected by the First, Fourth, Fifth, Seventh, Ninth, and Tenth Circuits. *See, e.g.*, *Evans v. Thompson*, 518 F.3d 1, 4-12 (1st Cir. 2008)(holding that § 2254(d)(1) does not violate Article III, the

---

[3] In *Boland v. Sec'y Dep't of Corr.*, 278 Fed. Appx. 876 (11th Cir. 2008), the petitioner-appellant argued for the first time on appeal that § 2254(d) is unconstitutional. The court, however, dismissed the argument without consideration because it was not presented in the certificate of appealability. *Id.* at 878-89.

4

separation of powers, or the Supremacy Clause); *Crater v. Galaza*, 491 F.3d 1119, 1126-30 (9th Cir. 2007)(holding that § 2254(d)(1) does not violate the Suspension Clause or offend the separation of powers); *Dufrene v. Brazoria*, 146 Fed. Appx. 715, 717 (5th Cir. 2005)(unpublished)(holding that AEDPA's provisions do not violate the principle of separation of powers or the Suspension Clause); *Olona v. Williams*, 13 Fed. Appx. 745, 747 (10th Cir. 2001)(unpublished)(holding that AEDPA does not violate Article III or the Suspension Clause); *Mueller v. Angelone*, 181 F.3d 557, 572-73 (4th Cir. 1999)("Petitioner dresses this claim up in the ill-fitting garb of the Supremacy Clause only because his actual Article III and Suspension Clause arguments have been squarely foreclosed by our decision in *Green v. French* that section 2254(d)(1) did not unconstitutionally restrict the scope of federal habeas review . . . ."); *Green v. French*, 143 F.3d 865, 874-76 (4th Cir. 1998)(holding that § 2254(d) neither violates Article III and the separation of powers nor the Suspension Clause)*, abrogated on other grounds in Williams v. Taylor*, 529 U.S. 362 (2000); *Lindh v. Murphy,* 96 F.3d 856 (7th Cir.1996)(en banc)(holding that § 2254(d)(1) does not violate Article III or the Suspension Clause), *rev'd on other grounds,* 521 U.S. 320 (1997). The court finds the reasoning of these decisions persuasive and also rejects petitioner's argument that § 2254(d)(1) violates Article III, the separation of powers, and the Supremacy Clause.

### 1. The Supremacy Clause

Section 2254(d) does not violate the Supremacy Clause by allowing "state courts to be the final arbiter of federal constitutional law even when the state court decision is incorrect." (Doc. 32-1 at 23.) As an initial matter, the court notes that:

> the Supremacy Clause, which establishes the Constitution as "the supreme Law of the Land" and commands state court obeisance to it, is . . . inapposite to petitioner's essential objection that § 2254(d) impermissibly limits the scope of federal habeas review. . . . Indeed, to say, as the Clause does, that federal law shall be "Supreme . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding," is to say nothing at all about the respective roles of the state and federal courts.

*Mueller*, 181 F.3d at 572.

In any event, the Supremacy Clause is not violated by the deference federal courts give to state court judgments as to the reasonable application of Supreme Court precedent. Section 2254(d)(1) does not impair "lower federal courts' independent interpretive authority: such courts still have the authority to decide whether a state court decision is wrong, and whether the decision is, in addition, unreasonably so." *Evans*, 518 F.3d at 10.

> Under the AEDPA, [federal courts] are free, if [they] choose, to decide whether a *habeas* petitioner's conviction and sentence violate any constitutional rights. Section 2254(d) only places an additional restriction upon the scope of the *habeas* remedy in certain circumstances. *Lindh*, 96 F.3d at 872 ("[r]egulating relief is a far cry from limiting the interpretive power of the courts, however, and Congress has ample power to adjust the circumstances under which the remedy of the writ of habeas corpus is deployed.").

*Green*, 143 F.3d at 875. Accordingly, § 2254(d)(1) does not violate the Supremacy Clause.

### 2. Article III and the Separation of Powers

Section 2254(d) does not violate Article III or the separation of powers by dictating "what caselaw a federal court may use to decide a case . . . ." (Doc. 32-1 at 23.) In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court instructed the lower courts not to look to lower court decisions when determining what is clearly established federal law under § 2254(d)(1). *Williams*, 529 U.S. at 365; *see id.* at 381 (Stevens, J., concurring)("If this Court has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar."). Relying on the instruction from *Williams*, the Eleventh Circuit has made clear that "the 'clearly established law' requirement of § 2254(d)(1) does not include the law of the lower federal courts." *Dombrowski v. Mingo*, 543 F.3d 1270, 1274 (11th Cir. 2008)(citation omitted); *see also Shere v. Sec'y, Fla. Dep't of Corr.,* 537 F.3d 1304, 1310 (11th Cir. 2008)(stating that "our review is limited to examining whether the highest state court's resolution of a petitioner's claim is contrary to, or an unreasonable application of, clearly established law, as set forth by the United States Supreme Court" and thus an Eleventh Circuit case "cannot form the basis of habeas relief under AEDPA").

This, however, does not mean that § 2254 "limit[s] a judge's ability to draw from any legal source in determining whether the state court's decision rests on constitutional error or is an unreasonable application of Supreme Court precedent." *See Evans*, 518 F.3d at 10. Indeed, in the Eleventh Circuit and elsewhere, federal courts are not prohibited from

7

considering lower federal court decisions to aid the analysis under § 2254(d). *See, e.g., Meriwether v. Chatman*, 292 Fed. Appx. 806, 822 (11th Cir. 2008)("Because clearly established federal law is not the law of the lower federal courts, including this Court, the *Garey* and *Jones en banc* decisions do not constitute clearly established federal law for purposes of § 2254(d). However, *Jones* and *Garey* are precedent as to what Supreme Court law is regarding waiver of the Sixth Amendment right to counsel and thus aid our analysis of whether the state court's decision was 'contrary to, or an unreasonable application of Supreme Court precedent.'")(internal and external citations omitted); *Ouber v. Guarino*, 293 F.3d 19, 26 (1st Cir. 2002)("The AEDPA also requires that the relevant legal rule be clearly established in a Supreme Court holding, rather than in dictum or in holdings of lower federal courts. This does not mean, however, that other federal court decisions are wholly irrelevant to the reasonableness determination. To the extent that inferior federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness *vel non* of the state court's treatment of the contested issue.")(citations and quotations omitted). Therefore, while § 2254(d)(1) "limits the grounds on which habeas relief may be granted," *Evans*, 518 F.3d at 10, "it does not interfere with Article III powers . . . [or] prescribe a rule of decision" in contravention of the separation of powers. *Id.* at 11.

Accordingly, to the extent petitioner's Rule 59(e) Motion to Alter or Amend Judgment challenges the constitutionality of 28 U.S.C. § 2254(d)(1), it is due to be denied.

### C. SENTENCING PHASE PREJUDICE WHEN THE JURY RECOMMENDS LIFE INSTEAD OF DEATH

Petitioner contends that the court erred in relying on *Routly v. Singletary*, 33 F.3d 1279 (11th Cir. 1994), for the proposition that "[a] petitioner cannot show sentencing phase prejudice when the jury recommends a sentence of life instead of death." *Id.* at 1297; (doc. 32-1 at 26-30.) Petitioner maintains that "*Routly* is based on Florida's capital punishment system, which is vastly different than Alabama's" and that "[b]ecause the two systems are different in how jury recommendations are treated, law based on Florida's system should not be used to evaluate claims from Alabama." (*Id.* at 27.) The court disagrees.

The court's Memorandum Opinion cited to *Parker v. Allen*, 565 F.3d 1258 (11th Cir. 2009), an Alabama death penalty case. (*See* doc. 30 at 72 [quoting *Parker v. Allen*, 565 F.3d 1258, 1275 (11th Cir. 2009)(citing *Routly v. Singletary*, 33 F.3d, 1279, 1297 (11th Cir. 1994))].) In *Parker*, John Forrest Parker was indicted for capital murder in violation of Ala. Code 13A-5-40. At trial, he was found guilty by a jury. The jury recommended a sentence of life imprisonment without parole. The sentencing judge, however, overrode the jury and sentenced Parker to death. Parker's conviction and sentence were affirmed by the appellate court and the Alabama Supreme Court. After exhausting his state post-conviction remedies, Parker timely filed a petition for writ of habeas corpus in the District Court for the Northern District of Alabama. *Parker*, 565 F.3d at 1265-66.

9

As relevant here, Parker asserted in the district court that the prosecutor's argument at the sentencing phase that, *inter alia*, the death penalty should be applied because of uncharged criminal behavior denied him due process, a fair trial, and a reliable sentencing proceeding in violation of the Sixth, Eighth, and Fourteenth Amendments. *Id.* at 1266. The district court found that the Alabama Court of Criminal Appeals' decision that any error caused by the prosecutor's sentencing phase argument was harmless "because the jury, by a vote of ten to two, recommended life without parole[,]" *Parker v. State*, 587 So.2d 1072, 1095 (Ala. Cr. App. 1991), was neither contrary to nor an unreasonable application of the law, and was not based on an unreasonable determination of the facts. *Parker*, 565 F.3d at 1275. Parker appealed. On appeal, the Eleventh Circuit affirmed the decision of the district court. In doing so, the Eleventh Circuit expressly held: "A petitioner cannot show sentencing phase prejudice when the jury recommends a sentence of life instead of death." *Id.* at 1275 (citing *Routly*, 33 F.3d at 1297).

Based on the Eleventh Circuit's decision in *Parker*, the court finds that the distinction highlighted by petitioner is immaterial to the sentencing phase prejudice analysis. Therefore, to the extent petitioner's Rule 59(e) Motion to Alter or Amend Judgment challenges the court's reliance on *Routly*, it is due to be denied.

## **CONCLUSION**

Upon review of the Memorandum Opinion, (doc. 30), in light of petitioner's Rule 59(e) Motion to Alter or Amend Judgment, (doc. 32), and Memorandum of Law in Support

of his Rule 59(e) Motion to Alter or Amend Judgment, (doc. 32-1), the court finds that the Motion to Alter or Amend Judgment is due to be denied.  An Order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 22nd day of December, 2011.

*/s/ Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE